# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| JANICE PARKS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| LAVENDER MEADOWS, INC., | ) | |
| LARRY WRIGHT, | ) | |
| OPEN DOOR MANAGEMENT | ) | |
| SERVICES, AND TIFFANY | ) | |
| WILLIAMS-WRIGHT, | ) | 3:17-cv-45-TCB |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Janice Parks, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint, showing the Court as follows:

1.

This is an action for minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and for breach of contract and fraud under Georgia state law.

## PARTIES

2.

Plaintiff Janice Parks is a citizen of the United States of America and resident of the State of Georgia.

3.

Defendant Lavender Meadows, Inc. ("Lavender Meadows") is Georgia corporation with its principal office located at 12 Savannah Street, Newnan, GA 30263. Lavender Meadows can be served via its registered agent at 1080 Falkirk Lane, Stone Mountain, GA, 30087.

4.

At all relevant times, Lavender Meadows was an enterprise engaged in commerce.

5.

Defendant Larry Wright ("Wright") is a Georgia resident who can be served at 1080 Falkirk Lane, Stone Mountain, GA 30087.

6.

At all relevant times, Wright was the President, Chief Executive Officer, Chief Financial Officer, and Secretary of Lavender Meadows.

7.

Defendant Open Door Management Services ("Open Door") is a sole proprietorship of Defendant Tiffany Williams-Wright ("Williams"), a Georgia resident who can be served at 6 Haynie Street, Newnan, GA 30263.

8.

At all relevant times, Open Door was an enterprise engaged in commerce.

9.

At all relevant times, Williams served as the Director of Lavender Meadows.

10.

At all relevant times, Defendants were engaged in a joint venture to operate an adult day care facility.

11.

At all relevant times, Defendants were subject to the minimum wage requirements of the FLSA, 28 U.S.C. § 206.

## JURISDICTION AND VENUE

12.

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the FLSA.

13.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of this Complaint, which arises out of the same operative facts as Count I.

14.

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count III of this Complaint, which arises out of the same operative facts as Count I.

15.

Venue is proper in this Court because the employment actions described herein occurred within the Newnan Division of the Northern District of Georgia.

**STATEMENT OF FACTS**

16.

On or about March 20, 2015, Williams approached Plaintiff in person with a verbal offer to engage in a joint enterprise starting and operating Lavender Meadows.

17.

Plaintiff would become a one-third owner of Lavender Meadows, alongside Williams and Wright.

18.

In exchange, Plaintiff would pay $500 to help obtain an operating license and $1,500 for rental space fees in exchange for a one-third ownership interest in Lavender Meadows.

19.

Additionally, Plaintiff would work for Lavender Meadows.

20.

Plaintiff invested $2,000 in Lavender Meadows pursuant to the agreement in Paragraphs 16 through 19.

21.

On or about April 15, 2015, Plaintiff began working for Defendants to perform the duties of a Nursing Assistant at the Lavender Meadows facility located at 12 Savannah Street, Newnan, GA 30263.

22.

When Plaintiff first started working for Defendants, no patients used Defendants' services at the relevant location.

23.

Plaintiff's duties included cleaning, answering calls, obtaining supplies from stores, and giving tours to potential customers.

24.

Once customers began using Defendants' services, Plaintiff's duties included cleaning and sanitizing patient rooms, administering medications, and applying dressings, bandages, and similar equipment.

25.

Plaintiff was supervised by Defendants and followed their instructions.

26.

On or about January 14, 2016, Williams told Plaintiff by phone that Plaintiff would not receive an ownership interest in Lavender Meadows.

27.

Instead, Plaintiff was to be paid $11 per hour for all work performed for Defendants.

28.

Plaintiff worked forty hours each week from April 15, 2015, until July 12, 2016.

29.

Plaintiff was never compensated for the work she performed for Defendants.

30.

Plaintiff was never granted an ownership interest in Lavender Meadows.

31.

Plaintiff ceased working with Defendants on July 12, 2016.

### Count I:  Minimum Wage Violation Under the FLSA

32.

Plaintiff reasserts and incorporates Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.

Plaintiff performed approximately 2,600 hours of work for Defendants, as shown in Paragraph 28 of this Complaint.

34.

Under the minimum wage requirement of the FLSA, Defendants were required to pay Plaintiff approximately $18,850 for her work.

35.

Plaintiff was paid nothing for the work she performed for Defendants.

36.

Defendants violated the minimum wage requirements of the FLSA.

37.

Defendants' failure to pay anything and false statements inducing Plaintiff to continue working constitute a willful violation of the FLSA.

38.

Plaintiff is therefore entitled to the minimum wage for her hours worked with prejudgment interest, an equal amount as liquidated damages, attorneys' fees, litigation costs, and punitive damages.

### Count II: Breach of Contract

39.

Plaintiff reasserts and incorporates Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.

Plaintiff and Defendants entered into a binding contract whereby Plaintiff would perform work for Defendants and invest money in Lavender Meadows in exchange for an ownership interest in Lavender Meadows.

41.

Alternatively, Plaintiff and Defendants entered into a binding contract whereby Plaintiff would perform work for Defendants in exchange for $11 per hour.

42.

Plaintiff performed approximately 2,600 hours of work for Defendants and invested $2,000 in Lavender Meadows.

43.

Defendants neither paid Plaintiff nor granted Plaintiff an ownership interest.

44.

Defendants therefore breached the contract in question in violation of Georgia law.

45.

Plaintiff is entitled to a one-third interest in Lavender Meadows or its monetary equivalent.

46.

Alternatively, Plaintiff is entitled to recover $28,600 for the work she performed and to recover her $2,000 investment.

47.

Plaintiff, alone and through counsel, has attempted to obtain payment or settlement in this matter.

48.

Defendants have been stubbornly litigious.

49.

Plaintiff is therefore entitled to recover attorneys' fees under O.C.G.A. § 13-6-11.

## Count III: Fraud

50.

Plaintiff reasserts and incorporates Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.

Defendants, through Williams, falsely represented that Plaintiff would gain an ownership interest in Lavender Meadows by investing in and working for Lavender Meadows.

52.

Defendants' false representation induced Plaintiff to invest $2,000 in Lavender Meadows and perform work for Defendants.

53.

Defendants did not provide Plaintiff with the promised ownership interest in Lavender Meadows.

54.

Defendants never intended to give Plaintiff the promised ownership interest.

55.

Defendants intentionally lied to Plaintiff for the purpose of inducing her to invest in and work for Lavender Meadows.

56.

When Plaintiff discovered that she would not get the promised ownership interest, Defendants – through Williams – falsely represented that Plaintiff would be paid $11 per hour for all work performed, including prior work performed for Defendants.

57.

Defendants' false assertion that Plaintiff would be paid induced Plaintiff to continue working for Defendants.

58.

Defendants never intended to pay Plaintiff for the work she performed.

59.

Defendants intentionally lied to Plaintiff to induce her to continue working.

60.

As a result of Defendants' fraud, Plaintiff is entitled to recover $30,600 in reliance damages, as well as compensatory damages for emotional harm, attorneys' fees, and costs of litigation.

61.

Pursuant to O.C.G.A. § 51-12-5.1(b), Plaintiff is entitled to recover punitive damages.

## Prayer for Relief

WHEREFORE Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a judgment in Plaintiff's favor for $30,600 plus interest, $18,850 plus interest in liquidated damages under the FLSA, compensatory damages, punitive damages, attorneys' fees, and costs of litigation; and

C. Any such other and further relief the Court deems proper and just.

This 30th day of March, 2017.

                                              Respectfully submitted,
                                              The Kirby G. Smith Law Firm, LLC

                                              s/ Micah Barry
                                              Micah Barry
                                              Georgia Bar No. 103184
                                              Kirby G. Smith
                                              Georgia Bar No. 250119
                                              *Attorneys for Plaintiff*

The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
Phone: (844) 454-7529
Fax: (877) 352-6253
mjb@kirbygsmith.com
kgs@kirbygsmith.com

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

This 30th day of March, 2017.

                         By:    s/ Micah Barry
                                   Micah Barry
                                   Georgia Bar No. 103184
                                   *Attorney for Plaintiff*

# FONT AND POINT CERTIFICATION

The Undersigned counsel for Plaintiff certifies that the within and foregoing **COMPLAINT** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 30th day of March, 2017.

                                          Respectfully submitted,
                                          THE KIRBY G. SMITH LAW FIRM, LLC

                                          By:   s/ Micah Barry
                                                      Micah Barry
                                                      Georgia Bar No. 103184